IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Michael Sgro, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 4:23-cv-96-BHH |
| v. ) | |
| ) | |
| Federal Bureau of Investigation, ) | **ORDER** |
| Myrtle Beach Police Department, ) | |
| Myrtle Beach City Attorney, J. Mackin, ) | |
| T. Anderson, Ofc. Reilley, Ofc. Falco, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff Michael Sgro's ("Plaintiff") *pro se* civil action seeking damages or evidence from Defendants. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On May 1, 2023, Magistrate Judge Kevin F. McDonald issued an order informing Plaintiff that his complaint was subject to dismissal and providing him with time to file an amended complaint correcting the deficiencies outlined in the order. (ECF No. 26.) The Magistrate Judge also informed Plaintiff that if he failed to file an amended complaint, the matter would be recommended for dismissal. (*Id.* at 9.)

When Plaintiff failed to file an amended complaint, the Magistrate Judge issued a Report and Recommendation ("Report") on May 24, 2023, outlining the issues and recommending that the Court summarily dismiss this action for failure to comply with an order of the Court, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, and for failure to state a claim upon which relief may be granted. (ECF No. 33.) Attached to the

Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of receiving a copy. On June 7, 2023, Plaintiff filed objections to the Report, and the matter is ripe for review. (ECF No. 35.)

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

**DISCUSSION**

In the Report, the Magistrate Judge summarized the allegations of Plaintiff's complaint regarding his alleged unlawful arrest by Defendants and outlined the additional materials submitted by Plaintiff. With respect to Plaintiff's assertion that Defendants violated his rights in connection with pending Myrtle Beach Municipal Court proceedings–and Plaintiff's corresponding request for injunctive relief–the Magistrate Judge

recommended that the Court abstain from interfering with pending state criminal proceedings in accordance with *Younger v. Harris*, 401 U.S. 37 (1971). And with respect to Plaintiff's remaining damages claims (to the extent they can be liberally construed from Plaintiff's complaint), the Magistrate Judge noted that the federal courts typically stay rather than dismiss claims for money damages during the pendency of state court proceedings. However, because the Magistrate Judge found that the claims were barred for other reasons, as outlined below, he also found the claims subject to dismissal.

Specifically, the Magistrate Judge found that, to the extent Plaintiff seeks damages from the Federal Bureau of Investigation ("FBI") for false arrest, and to the extent his complaint can be liberally construed to state a claim to which *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics* applies, such a claim is subject to dismissal because *Bivens* claims can only be brought against individual agents and not federal agencies. 403 U.S. 388 (1999). Next, as to Plaintiff's § 1983 claim against the Myrtle Beach City Attorney ("City Attorney"), the Magistrate Judge found Plaintiff's bare allegations insufficient to overcome the immunity afforded to the City Attorney. With respect to Plaintiff's § 1983 claim against the Myrtle Beach Police Department ("MBPD"), the Magistrate Judge explained that the MBPD is not a "person" as defined by § 1983. Finally, with respect to Plaintiff's § 1983 claims against Ofc. Anderson, Ofc. Mackin, Ofc. Reilley, and Ofc. Falco, the Magistrate Judge found that Plaintiff's complaint contains no personal allegations against them and thus fails to state a claim upon which relief may be granted against them. Thus, in all, the Magistrate Judge recommended that the Court dismiss Plaintiff's complaint with prejudice and without further leave to amend, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, based on Plaintiff's failure to comply with a

court order, and for failure to state a claim upon which relief may be granted.

In his objections to the Report, which are difficult to decipher, Plaintiff sets forth various legal principles before asserting that the Magistrate Judge provided him with an amended complaint form intended for an inmate, which he will not sign, and asserting that there are exceptions to the *Younger* abstention doctrine, although he does not explain how any such exceptions apply in this case. (*See* ECF No. 35 at 5-7.) Plaintiff then repeats his allegations regarding his state court criminal proceedings, including that he was falsely arrested, and he references various federal statutes that have little to no relevance to the Magistrate Judge's findings. Indeed, after a thorough review of Plaintiff's objections, the Court finds that they do not specifically respond to any portion of the Magistrate Judge's Report or otherwise point to any legal or factual error in the Report. For example, although Plaintiff asserts that the Magistrate Judge mailed him an inmate form, he does not otherwise address the fact that he failed to comply with the Magistrate Judge's proper form orders, which directed him to file an amended pleading. Likewise, nowhere in his objections does Plaintiff respond to the Magistrate Judge's specific findings (1) that Plaintiff's claim against the FBI is subject to dismissal because *Bivens* claims can only be brought against individual agents and not federal agencies; (2) that Plaintiff's claim against the City Attorney is barred by prosecutorial immunity; (3) that Plaintiff's claim against MBPD is subject to dismissal because MBPD is not a "person" as defined by § 1983; and (4) that Plaintiff's complaint contains no personal allegations as to Defendants Anderson, Mackin, Reilley, and Falco to state a plausible claim for relief. After review, the Court agrees with the Magistrate Judge's analysis and finds Plaintiff's objections entirely unavailing, as Plaintiff provides no basis for this Court to deviate from the Magistrate Judge's

recommended disposition.

## CONCLUSION

Accordingly, for the foregoing reasons, the Court hereby adopts and specifically incorporates the Magistrate Judge's Report (ECF No. 33); the Court overrules Plaintiff's objections (ECF No. 35); and the Court dismisses this action with prejudice, without leave for further amendment, and without issuance and service of process, based on Plaintiff's failure to comply with an order of the Court, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, and for failure to state a claim upon which relief may be granted.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

January 30, 2024
Charleston, South Carolina

*****
## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.